■ In the Matter of LESLY ADVERTISING ASSOCIATES, INC., Petitioner, v STATE TAX COMMISSION, Respondent.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner, an advertising agency, is engaged in the preparation and production of advertising materials, such as catalogues and brochures, as well as the placement of advertisements in the media. The Department of Taxation and Finance audited petitioner's books for the period June 1, 1976 to August 31, 1979. The Department concluded that petitioner had failed to collect sales tax from its customers for "artwork and retouching done by [its] employees", and assessed petitioner $32,639.36 in sales tax due. Petitioner appealed to respondent, contending that the conclusions of the Department were contrary to the practice of the advertising industry. Petitioner and the Department agreed to hold the matter in abeyance pending the results of a Department study of the application of the sales tax law to the advertising industry.

In June 1983, the Department released its report, which concluded that where an advertising agency sells tangible goods such as posters, brochures or annual reports, sales tax is required to be collected. However, where the agency sells only

advertising services, including the placement of an advertisement in the media, such services are not subject to sales tax.

A new audit based on the new guidelines was conducted. Because complete records for the entire audit period were no longer available, petitioner agreed to a sample audit of one particular quarter. The audit indicated that approximately 75% of petitioner's work consisted of placing advertisements in the media. Since such work was not subject to sales tax, the unpaid sales tax was reduced by 75%. Upon petitioner's appeal, respondent sustained the deficiency. Petitioner then commenced this CPLR article 78 proceeding challenging such determination. The proceeding has been transferred to this court for disposition.

Petitioner does not challenge respondent's determination of what charges of an advertising agency are subject to sales tax. Rather, it claims that the Department should not be allowed to audit the period prior to the clarification of the guidelines. Petitioner offers no legal support for its conclusion. Moreover, the Department had promulgated regulations as early as September 1976 which dealt specifically with advertising agencies *(see,* 20 NYCRR 527.3 [b] [5]). Such regulations clearly state which charges are subject to sales tax and are consistent with the "clarifications" made in 1983 and 1984. Thus, 20 NYCRR 527.3 (b) (5) clearly put petitioner on notice of its obligation to collect sales tax. However, we note that the audit period was from June 1, 1976 through August 31, 1979. It is apparent, and respondent concedes in its brief, that 20 NYCRR 527.3 (b) (5) was not promulgated until September 1, 1976. Thus, a question of fact exists as to whether petitioner could have been on notice of its obligation to collect sales tax during that initial quarter of the audit period, and, if not, whether a modification of the notice of deficiency is in order.

Petitioner also quarrels with the Department's use of a one-quarter test period for the second audit. However, a review of the record indicates that petitioner expressly consented to this procedure.

Determination annulled, without costs, petition granted and matter remitted to respondent for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.